UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOT ROD DINER INC., et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01485---BAM<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER RE:  SANCTIONS<br><br>(Doc. 17) |

　　　　This matter is before the Court on an order for counsel to show cause as to why sanctions should not be imposed for the failure to appear at the telephonic status conference scheduled on April 20, 2016. (Doc. 17).

**BACKGROUND**

　　　　Plaintiff Cynthia Hopson ("Plaintiff"), through counsel, initiated this action on September 30, 2015.  (Doc. 1).  On March 2, 2016, the Court held a status conference to address service of the summons and complaint on Defendants Hot Rod Diner Inc. and Dorothy Sorrell.  Plaintiff's counsel, Daniel Malakauskas, informed the Court of his intention to re-serve Defendant Hot Rod Diner Inc. The Court set a further status conference for March 24, 2016.  (Doc. 10).

　　　　On March 21, 2016, Plaintiff filed a status report indicating that Defendant Hot Rod Diner Inc. had been served with the complaint on March 18, 2016.  Plaintiff calculated that Defendant Hot Rod Diner Inc. had until April 8, 2016, to answer the complaint.  Plaintiff also represented that Defendant

Dorothy Sorrell had been served on November 5, 2015. Plaintiff indicated that he sent a letter to Defendant Sorrell informing her that Plaintiff would request entry of default if she did not file an answer by April 4, 2016. Plaintiff requested until April 8, 2016 to file a request for entry of default against Defendants. (Doc. 11). Based on Plaintiff's status report, the Court issued an order continuing the further status conference to April 20, 2016, at 9:30 a.m. in Courtroom 8 (BAM) before the undersigned. (Doc. 12).

On April 4, 2016, Defendant Dorothy Sorrell filed an answer to the complaint. (Doc. 13).

On April 20, 2016, counsel for Plaintiff and counsel for Defendant Dorothy Sorrell failed to appear at the telephonic status conference. (Doc. 16). Finding that the failure of counsel to appear at the status conference further contributed to the delayed resolution of this matter, the Court issued an order directing Plaintiff's counsel and Defendant Dorothy Sorrell's counsel to show cause why sanctions should not be imposed for the failure to appear at the telephonic status conference. The Court directed counsel to respond individually, in writing, no later than April 27, 2016. (Doc. 17).

On April 27, 2016, counsel for Defendant Dorothy Sorrell, Cory B. Chartrand, filed a declaration in response to the Court's show cause order. (Doc. 18). Defense counsel explains that Defendant Sorrell did not appear in this action until April 4, 2016, and disputes that she was ever properly served with the lawsuit. However, after receiving correspondence from Plaintiff's counsel, it was determined that it would be more economical to answer the complaint than to fight service. At the time of the answer, neither defense counsel nor Defendant Sorrell had any notice of the April 20, 2016 status conference. Defense counsel further reports that since the filing of the answer, his legal secretary has been out on disability and he first received notice of the missed status conference on April 27, 2016, when notices and orders from the Court were printed from his secretary's computer. (Doc. 18).

On April 27, 2016, Plaintiff's counsel, Daniel Malakauskas also filed a response to the order to show cause. (Doc. 19). Counsel admits that he did not send notice of the April 20 conference to defense counsel and that he wrongly assumed that counsel would look at the docket. Counsel also acknowledges his understanding that it is his responsibility to schedule the Rule 26 meet and confer and file the joint report. Counsel indicates that he is in the process of interviewing several people to

act as a personal assistant to help with scheduling and other minor matters to prevent this from happening. Counsel admits that this has happened before and asks that any sanctions be a modest amount. He apologizes to the Court. (Doc. 19).

### LEGAL STANDARD

Local Rule 110 of the Eastern District of California provides that "[f]ailure of counsel … to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. R. 110. A federal court possesses the inherent power to sanction conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *see also Shead v. Vang*, No. 1:09-cv-00006-AWI-SKO-PC, 2012 WL 3861243, at * 1 (E.D. Cal. Sept. 5, 2012) (federal courts have the inherent authority to sanction conduct abusive of the judicial process). Indeed, a court may impose monetary sanctions for the "willful disobedience of a court order" or "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (internal citations and quotations omitted). To award sanctions under its inherent powers, the court must "specifically find[ ] bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see also Allen v. County of Lake*, No. 14-cv-03934-TEH, 2015 WL 4747440, at *2 (N.D. Cal. Aug. 11, 2015) (imposing $250 monetary sanction against counsel to deter abuses of the judicial process based on counsel's late filings, including late response to order to show cause).

### DISCUSSION

Having considered the response of defense counsel, the Court finds that monetary sanctions are not warranted against Cory Chartrand at this time. However, defense counsel is cautioned that the failure to attend court appearances will not be tolerated in the future and may result in the imposition of sanctions.

In contrast, having considered the response of Plaintiff's counsel, the Court finds that monetary sanctions are warranted. Mr. Malakauskas' declaration does not provide a satisfactory or persuasive explanation for his failure to appear. At best, Mr. Malakauskas has affirmed his disregard

for the time and resources of this Court. Indeed, Mr. Malakauskas admits that this has happened before and, to date, he has not established any procedures to remedy his repeated failures to attend court appearances. (Doc. 19). Mr. Malakauskas' indifference has resulted in a drain on this Court's limited resources, requiring the expenditure of unnecessary time, and has delayed this action. The Court finds Mr. Malakauskas' reckless, inattentive conduct tantamount to bad faith. Accordingly, in order to deter such conduct and abuses of the judicial process, Plaintiff's counsel shall be ordered to pay monetary sanctions to the Court in the amount of $250 no later than May 20, 2016.

## CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED as follows:

1. The Order to Show Cause issued on April 20, 2016, is DISCHARGED;
2. Plaintiff's counsel, Daniel Malakauskas, shall pay sanctions to the Court in the amount of $250 no later than **May 20, 2016**, and file written proof of payment to the Court; and
3. Plaintiff's counsel is cautioned that failure to comply with the Court's order may result in the imposition of additional sanctions.

IT IS SO ORDERED.

Dated: **May 2, 2016**              /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE